IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE V. LARA and
DELIA G. LARA,

        Plaintiffs,                  No. CIV S-08-3114 MCE DAD PS

    vs.

JPMORGAN CHASE BANK,

        Defendant.                ORDER
_____/

        Plaintiffs are proceeding pro se with an action arising from foreclosure on real property. The case has been referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).[1]

        Plaintiffs' complaint was accompanied by plaintiff Delia Lara's application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915. The applicable filing fee must be prepaid unless all plaintiffs apply for and are granted leave to proceed in forma pauperis. Here, the undersigned finds it unnecessary to require plaintiff Jose Lara to file an forma pauperis

---

[1] This action was filed on December 22, 2008. On December 23, 2008, the names of a district judge and a magistrate judge were randomly drawn and the appropriate initials were stamped on the front of plaintiffs' complaint. Due to clerical error, the name of the assigned magistrate judge was not entered on the court's electronic docket, and the undersigned was not notified of the assignment of this case until July 9, 2009.

1

application, because the application before the court includes information about the employment, income, and assets of both plaintiffs.

Plaintiff Delia Lara states in her in forma pauperis affidavit that she is employed and her take-home salary is $1, 200 bi-weekly. She states that plaintiff Jose Lara is also employed and his take-home salary is $500 weekly. Plaintiffs' combined take-home salaries total $1,100 per week, or $4,767 per month. Plaintiff Delia Lara states that she has a checking account with a balance that varies but declares that she owns nothing of value. The affidavit does not indicate whether plaintiff Jose Lara has a checking or savings account or owns anything of value, such as a vehicle. Plaintiff Delia Lara indicates that there are no persons who are dependent on them for support.

Pursuant to the federal in forma pauperis statute, a filing fee of $350.00 is required to commence a civil action in federal district court. 28 U.S.C. § 1914(a). The court may authorize the commencement of an action without prepayment of fees or security therefor if the plaintiffs demonstrate inability to pay such fees or give security for them. 28 U.S.C. § 1915(a). In this case, the undersigned finds that plaintiff Delia Lara's affidavit makes an inadequate showing of indigency. Plaintiffs will be granted thirty days in which to submit the appropriate filing fee to the Clerk of the Court. Plaintiffs are cautioned that failure to pay the fee will result in a recommendation that the assigned district judge deny plaintiff Delia Lara's application to proceed in forma pauperis and dismiss this action without prejudice to the filing of a paid action.

The undersigned has also reviewed plaintiffs' complaint. Plaintiffs are informed that, in order to state a claim on which relief may be granted, they must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co.

1  v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245
2  (9th Cir. 1989).  While pro se pleadings are held to a less stringent standard than those drafted by
3  lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), the court need not accept as true conclusory
4  allegations, unreasonable inferences, or unwarranted deductions of fact, Western Mining Council
5  v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).
6        The present complaint consists of a series of conclusory allegations that the
7  defendant violated various federal and state laws.  The complaint contains no material allegations
8  concerning acts or omissions that resulted in the alleged statutory violations.  The pleading fails
9  to suggest a factual basis for any claim asserted in the complaint and fails to provide a legal basis
10 for the declaratory and injunctive relief sought.  The complaint is so vague that the undersigned
11 is unable to determine whether plaintiffs may be able to state any claim for relief.
12        The undersigned has determined, however, that plaintiff's complaint does not
13 contain the "short and plain" statement of claims required by Rule 8(a)(2) of the Federal Rules of
14 Civil Procedure.  Although the Federal Rules adopt a flexible pleading policy, a complaint must
15 give fair notice to the defendant.  See Jones v. Community Redev. Agency, 733 F.2d 646, 649
16 (9th Cir. 1984).  A plaintiff must allege with at least some degree of particularity specific acts
17 which the defendant engaged in that support the plaintiff's claims.  See id.
18        Because the present complaint does not comply with the requirements of Rule 8,
19 the complaint will be dismissed.  Plaintiffs will be granted leave to file an amended complaint
20 that comports with Rule 8.  The amended complaint must be complete in itself without reference
21 to the pleading that has been dismissed.  Local Rule 15-220.  The court cannot refer to a
22 plaintiff's original pleading in order to make an amended complaint complete.  Loux v. Rhay,
23 375 F.2d 55, 57 (9th Cir. 1967).  Thus, plaintiffs' amended complaint must include factual
24 allegations describing the conduct and events which underlie their claims against the defendant.
25 /////
26 /////

Accordingly, IT IS HEREBY ORDERED that:

1. Within **fifteen days** after this order is filed, plaintiffs shall submit the $350.00 filing fee to the Clerk of the Court.  If additional time is needed to comply with this order, plaintiffs may request a reasonable extension of time.  A request for extension of time must be filed with the Clerk prior to the expiration of the fifteen-day period.  Failure to comply with this order in a timely manner will result in a recommendation that this action be dismissed without prejudice.

2. Plaintiffs' complaint is dismissed with **thirty days** leave to amend.  The amended complaint must comply with the Federal Rules of Civil Procedure and the Local Rules of Practice.  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."  Failure to comply with this order in a timely manner will result in a recommendation that this action be dismissed without prejudice.

DATED: July 13, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\lara3114.ifpden.compldism